Katherine DeLOACH, Appellant,

v.

Ralph E. WOODLEY, Appellee.

No. 26330.

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1968.

Rehearing Denied Jan. 22, 1969.

Herbert Lord, Winchester, Mass., for appellant.

William J. Gillespie, Gillespie & McClendon, Lubbock, Tex., for appellee.

Before GOLDBERG and MORGAN, Circuit Judges, and LIEB, District Judge.

PER CURIAM:

The jurisdictional derivative of this action is 28 U.S.C.A. § 1332 which requires that the matter in controversy exceed the sum or value of $10,000.00 exclusive of interest and costs. We have ferreted the complaint for allegations supporting the jurisdictional amount and could find only the following: "The estimated sum which the plaintiff alleges the defendant owes her for the eleven (11) years support of her daughter, Kathryne, is Seven Thousand Eight Hundred Sixty Dollars ($7,860.00) with interest." The fatal vulnerability of this allegation is obvious and dismissal was therefore properly decreed. Wood v. Citronelle-Mobile Gathering System Company Ltd., et al., 5 Cir. 1968, 409 F.2d 367 (December 4, 1968).

Appellant complains that a motion was made in the district court to amend her complaint and that leave to amend was denied. However, appellant's proposed amendment alleged no new jurisdictional facts. As such her amended complaint would have been subject to dismissal for the same reasons as her original complaint. The liberal amend-

ment rules of F.R.Civ.P. 15(a) do not require that courts indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. Foman v. Davis, 1962, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed. 222, 226.

Affirmed.