NEIGHBORHOOD DEVELOPMENT CORPORATION: Butchertown, Inc., Butchertown Neighborhood Government, Inc., The Old Louisville Neighborhood Council, Inc., and The Louisville Interneighborhood Coalition, Inc., Plaintiffs–Appellants,

v.

ADVISORY COUNCIL ON HISTORIC PRESERVATION, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, CITY OF LOUISVILLE, Director of City Department of Building and Housing, Oxford Properties, Inc., and William O. Bornstein, Defendants–Appellees.

No. 79–3765.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 19, 1980.
Decided Oct. 20, 1980.

J. Phillip Griffin, Jr., Steven R. Berg, Louisville, Ky., for plaintiffs–appellants.

Laurence J. Zilke, Law Department–City of Louisville, Max Simmons, Winston King, Louisville, Ky., for City Director.

David C. Fannin, Sheryl G. Snyder, K. Gregory Haynes, Robert B. Vice, Louisville, Ky., for Oxford Properties.

J. W. Moorman, A. S. Almy and D. C. Shilton, Washington, D. C., for federal appellees.

Before WEICK and JONES, Circuit Judges, and DUNCAN, District Judge.[*]

PER CURIAM.

Plaintiffs appeal from a judgment of the district court dismissing their complaint for lack of jurisdiction. The district court held that plaintiffs failed to allege the requisite injury–in–fact to confer standing to challenge the demolition of historically and architecturally significant buildings within an urban renewal project partially funded by a federal grant. For the reasons set forth below, we reverse the judgment of the district court and remand the case for appropriate proceedings.

I.

The Louisville Urban Renewal Agency declared a two–block commercial area to be a blighted area and proposed to redevelop it into a new office building, department store and specialty stores (the "Redevelopment"). Further south of the Redevelopment area, the agency is assisting in the restoration of a historic hotel. The approximate cost of the proposed Redevelopment is $100,000,-000.00. At least eight million dollars of this cost is funded by a grant pursuant to the Department of Housing and Urban Development Action Grant Program (UDAG).

The UDAG makes the Redevelopment a "federally assisted project." As a result, the Redevelopment is subject to a review and comment process established in the National Historic Preservation Act, 16 U.S.C. § 470 et seq., (the "Act"). Section 470f of the Act requires the federal agency having jurisdiction over the Redevelopment to consider its effects on historically or architecturally significant property and to solicit comments from the Advisory Council on Historic Preservation. Buildings are "historically or architecturally significant" when declared by the federal government to be eligible for inclusion on the National Register of Historic Places. In the Redevelopment area six buildings are historically or architecturally significant. Of these six buildings three were scheduled for demolition: the Will Sales Building; the Atherton Building; and the Republic Building. All appropriate agencies "approved" the Redevelopment.

Plaintiffs, five incorporated neighborhood organizations, filed a complaint in district

---

* Robert M. Duncan, United States District Judge, United States District Court for the Southern District of Ohio, sitting by designation.

court alleging that the federal defendants acted in bad faith in discharging their obligations under the Act to review and comment upon the demolition of these three buildings and failed to comply with the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 *et seq.* Plaintiffs sought to enjoin federal funding of the Redevelopment until compliance is accomplished.

By order of the district court, plaintiffs' original complaint was amended to join as defendant Oxford Properties, Inc., the owner of the Will Sales Building. The district court denied relief. This Court affirmed. The Will Sales Building was demolished.

Plaintiffs filed a motion for leave to amend their complaint to enjoin the demolition of the Atherton and Republic Buildings. The district court denied plaintiffs' motion for two reasons. First, the complaint could not survive a motion to dismiss because plaintiffs lacked standing to challenge defendants' compliance with the Act. Second, the second amended complaint which plaintiffs tendered failed to join as defendants the owners of the Atherton and Republic Buildings.

## II.

The sole issue on appeal is whether the district court abused its discretion by denying plaintiffs' motion for leave to amend their complaint.

 It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss. *Bacon v. California*, 438 F.2d 637 (9th Cir. 1971) (per curiam); *Deloach v. Woodley*, 405 F.2d 496 (5th Cir. 1969) (per curiam). A complaint is properly dismissed if the district court lacks subject matter jurisdiction, which extends only to "actual cases or controversy." U.S.Const. Art. III. Persons with a "personal stake in the controversy," *Warth v. Seldin*, 422 U.S. 490,

498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975), demonstrable by the suffering of a "distinct and palpable injury," *Id.* at 502, 95 S.Ct. at 2207, satisfy the jurisdictional requirement of Article III. Thus, "injury–in–fact" is a prerequisite to invoke the jurisdiction of federal courts. Applying these principles to this case, we believe plaintiffs' complaint alleged a "distinct and palpable injury" from the demolition of the buildings sufficient to confer standing to challenge defendants' purported non–compliance with the Act. Accordingly, the district court erroneously dismissed plaintiffs' complaint for lack of standing. We hold the district court abused its discretion by not granting plaintiffs' motion for leave to amend their complaint.

 The district court held that plaintiffs did not allege a "distinct and palpable injury" to their aesthetic and environmental interest in preserving historically and architecturally significant buildings.[1] We disagree.

In *Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), the Sierra Club challenged the Secretary of the Interior's approval of the commercial development of a game refuge within the Sequoia National Forest. The Sierra Club asserted it had a "special interest in the conservation and sound maintenance of the national parks, game refuges, and forest." 405 U.S. at 730, 92 S.Ct. at 1364. The court held that the requisite injury–in–fact was suffered only by those who use the area and for whom the aesthetic and recreational values of the area will be lessened by the proposed development. *Id.* at 735, 92 S.Ct. at 1366. In the instant case, the complaint states that "the plaintiffs include among their membership individual residents who enjoy and derive benefit from the preservation of [buildings] and others who *use* or can be expected to use the [buildings]." (Emphasis added). By alleging "use" of the

---

1. We agree with the district court that plaintiffs have no economic interest in the two buildings. Plaintiffs neither own or have owned, nor had legal control or title to the buildings. *South Hill Neighborhood Associa-*tion, Inc. v. Romney*, 421 F.2d 454 (6th Cir. 1969) *cert. denied* 397 U.S. 1025, 90 S.Ct. 1261, 25 L.Ed.2d 534 (1970). Plaintiffs do not have leasehold interests in any of the buildings.

buildings' aesthetic and architectural value, plaintiffs met the *Sierra Club* standard. This is sufficient to survive a Rule 12(b) motion to dismiss for lack of standing.[2]

The deprivation of the use of an aesthetic resource is not merely an abstract injury. *Sierra Club* explicitly held that the deprivation of the use of an aesthetic resource constitutes injury–in–fact. *Id.* Additionally, standing is not to be denied because the alleged injury is commonly shared. *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973).

We do not believe that injury–in–fact is suffered only by residents of the neighborhood in which the historically and architecturally significant buildings are located. The decisions in *Gibson & Perin Co. v. City of Cincinnati*, 480 F.2d 936 (6th Cir. 1973) and *South Hill Neighborhood Association v. Romney*, 421 F.2d 454 (6th Cir. 1969), are not to the contrary. In *Gibson*, the plaintiffs challenged the design and location of a parking garage within an urban renewal area. The court held that plaintiffs, as owners of businesses located outside the urban renewal area, lacked standing because they did not allege injury to an interest protected by statute. 480 F.2d at 942. In the instant case, the Act created an interest in the preservation of architecturally and historically significant buildings to be protected by *users* of such buildings. See also, *Gladstone Realtors v. Bellwood*, 441 U.S. 91, 112 n. 25, 99 S.Ct. 1601, 1614, 60 L.Ed.2d 66 (1979).

Though the facts in *South Hill* are more analogous to the facts of the case at bar, we do not believe *South Hill* has precedential value. In *South Hill*, plaintiffs challenged the demolition of architecturally and historically significant buildings within an urban renewal area. Included among the plaintiffs were individuals who owned property within the urban renewal area. This Court affirmed the district court's holding that plaintiffs had no "real interest" in the controversy. 421 F.2d at 460. "Real interest" was defined to require either ownership, legal control, or title to the building to be demolished, *Id.*, or a significant involvement in the administrative process so as to be among the aggrieved. *Id.* at 461. *Sierra Club* mandates that federal courts may not restrict the class of protected interest to forms of economic interest.[3]

### III.

The district court also denied plaintiffs' motion for leave to amend their complaint because plaintiffs failed to join as defendants the owners of the Atherton and Republic buildings. The decision to grant a motion for leave to amend a complaint is within the sound discretion of the district court. Fed.R.Civ.P. 15(a). Despite plaintiffs' repeated failure to join the owners of the Atherton and Republic buildings as defendants, we do not believe Fed.R. Civ.P. 15(a) provides the district court with this extreme a sanction for plaintiffs' error. It is a well settled principle of statutory construction that a specific provision concerning a particular subject must govern a general provision to the contrary when both provisions apply. The omission of "indispensable parties" is cured by the district court's order that such person shall be joined.[4] Fed.R.Civ.P. 19(a). The Federal

---

2. The plaintiffs must be prepared at trial to particularize their alleged use of the historical and architectural value of the buildings. *See Gladstone Realtors v. Bellwood*, 441 U.S. 91, 114, 99 S.Ct. 1601, 1615, 60 L.Ed.2d 66 (1979).

3. We note that at the time HUD approved the redevelopment project in *South Hill*, the buildings scheduled for demolition had not been declared architecturally or historically significant. Thus, plaintiffs therein could not allege injury to an interest protected by the Act.

4. The nomenclature used by the district court is unclear. A person is regarded as "indispensable" when he *cannot* be made a party and upon consideration of the criteria set forth in Rule 19(a), Fed.R.Civ.P., it is determined that in his absence it would be preferable to dismiss the action, rather than retain it. Fed.R.Civ.P. 19(a) (Notes of Advisory Committee on Rules). In this case, the district court did not find that its jurisdiction would be defeated by joining the owners of the Will Sales, Atherton, or Republic buildings as defendants. Thus, such parties are necessary, not indispensable parties who shall be joined at the order of the district court.

Rules of Civil Procedure limit the district court's discretion to fashion an appropriate remedy for plaintiffs' failure to join as defendants the owners of the buildings. Therefore, plaintiffs' failure to join such defendants is not a proper reason to deny a motion for leave to amend.

Accordingly, the judgment of the district court is REVERSED and the case is REMANDED for appropriate proceedings.