476 So.2d 772 (1985)
UNITED PARCEL SERVICE, INC., Appellant,
v.
BUCHWALD JEWELERS, Appellee.
No. 85-574.
District Court of Appeal of Florida, Third District.
October 15, 1985.
*773 Fowler, White, Burnett, Hurley, Banick & Strickroot and James N. Floyd, Miami, for appellant.
Therrel, Baisden, Meyer and Weiss and Julian R. Benjamin, Miami Beach, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
United Parcel Service, Inc. (UPS), defendant below, appeals an adverse final summary judgment awarding damages for breach of contract arising from its failure to obtain payment in cash when it delivered goods to the consignee for Buchwald Jewelers. The issue on appeal concerns whether the shipper, Buchwald Jewelers, ratified the action of the carrier, UPS, when it accepted a cashier's check from UPS, thereby waiving the requirement that the carrier collect cash only.
The facts may be briefly stated. On or about April 13, 1984 Buchwald Jewelers arranged for UPS to ship merchandise to the consignee in St. Louis, Missouri. Buchwald Jewelers specified on the C.O.D.[1] tag that UPS should accept, upon delivery, cash only in the amount of $14,600.00. UPS delivered the merchandise to the consignee and collected a cashier's check payable to Buchwald Jewelers in the amount of $14,600.00. On or about April 26, 1984 Buchwald Jewelers accepted the cashier's check from UPS without objection and deposited it for collection in its Miami bank account. The check was returned by the issuing bank as uncollectable, marked "counterfeit."
Buchwald Jewelers brought suit against UPS for breach of contract, as well as other counts not relevant to this appeal. UPS answered the complaint and raised the affirmative defense of ratification. Buchwald Jewelers moved for summary judgment on its breach of contract claim. The supporting affidavit of Robert Buchwald, a manager for Buchwald Jewelers, was attached. Mr. Buchwald stated that he believed UPS had collected cash from the consignee and that UPS had obtained the cashier's check for transmittal to Buchwald Jewelers. That affidavit was not controverted by UPS. The trial court entered summary judgment in favor of Buchwald Jewelers, awarding damages of $14,600.00, plus interest and costs.
Appellant UPS contends that Buchwald Jewelers ratified UPS' action because Buchwald Jewelers knew of the contractual limitation upon UPS to accept cash only, but it nevertheless accepted and deposited a form of payment not in conformity with the contractual terms. We disagree.
Before one may infer that a principal ratified the unauthorized act of his agent, the evidence must demonstrate that the principal was fully informed and that he approved of the act. Ball v. Yates, 158 Fla. 521, 29 So.2d 729 (1946), cert. denied, 332 U.S. 774, 68 S.Ct. 66, 92 L.Ed. 359 (1947); Pedro Realty, Inc. v. Silva, 399 So.2d 367 (Fla. 3d DCA 1981); Bach v. State Board of Dentistry, 378 So.2d 34 (Fla. 1st DCA 1979); G & M Restaurants Corp. v. Tropical Music Service, Inc., 161 So.2d 556 (Fla. 2d DCA 1964). In the instant case Buchwald Jewelers accepted the cashier's check without knowledge that UPS had acted contrary to its express instructions. Since it was undisputed that Buchwald Jewelers was not fully informed, UPS' ratification defense fails as a matter of law.
For the foregoing reasons and based upon the authorities cited, the final summary judgment in favor of Buchwald Jewelers is affirmed.
Affirmed.
NOTES
[1] "C.O.D. `Collect on delivery.' These letters import the carrier's liability to the consignor to collect the cost of the goods from the consignee, and, if not collected, to return the goods to the consignor." BLACK'S LAW DICTIONARY 233 (5th ed. 1979).