**GULF BOAT MARINE SERVICES, INC., et al.**

v.

**GEORGE ENGINE COMPANY, INC., et al.**

**Civ. A. No. 85–3934.**

United States District Court, E.D. Louisiana.

Sept. 16, 1986.

Jack Mark Stolier, New Orleans, La., for plaintiffs.

Stephen K. Conroy, Metairie, La., for defendants.

## MEMORANDUM OPINION

MENTZ, District Judge.

Before the Court is the motion of defendant, General Motors Corporation, to dismiss and the opposition of plaintiffs. The Court has reviewed the briefs and determined that oral argument is not necessary.

Plaintiffs filed this lawsuit on August 29, 1985, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure alleging that a Detroit Diesel engine contained in their vessel, the M/V RALPH THOMPSON, failed due to the fault, neglect and lack of due care on the part of the defendants in furnishing a defective engine to the plaintiffs and/or in the alternative, that defendants failed to properly repair the engine and/or repaired it with defective parts. Plaintiffs allege damages for: (a) cost of repairs to the engine; (b) survey fees; (c) transportation expenses; (d) loss of revenue.

In the recent decision of *East River Steamship Corp. v. Transamerica Delaval, Inc.,* — U.S. ——, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), the United States Supreme Court recognized that products liability claims are cognizable under the general maritime law. However, the Supreme Court ruled that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products liability theory to prevent a product from injuring itself." *Id.* at ——, 106 S.Ct. at 2302. "Thus, whether stated in negligence or strict liability, no products liability claim lies in admiralty when the only injury claimed is economic loss." *Id.* at ——, 106 S.Ct. at 2305.

The event giving rise to plaintiffs' lawsuit was the failure of the engine, resulting in purely economic losses. Therefore, in accordance with the Supreme Court ruling in the *Transamerica Delaval* case, plaintiffs' claims against Detroit Diesel must be dismissed.

Plaintiffs have requested leave of Court to amend their complaint to allege diversity jurisdiction against Detroit Diesel asserting a redhibition/breach of contract claim. If jurisdiction for a claim existed at the commencement of an action, leave to amend the complaint to cure a jurisdictional problem should be freely granted. *See Miller v. Stanmore,* 636 F.2d 986 (5th Cir. 1981). While it is true that Rule 15(a) of the Federal Rules of Civil Procedure evinces a bias in favor of granting leave to amend in order to assist disposition of the case on the merits, the policy of liberal amendment does not require that courts indulge in "futile gestures." *Deloach v. Woodley,* 405 F.2d 496, 497 (5th Cir.1969). It is well established that if a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *Foman v. Davis,* 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962); *Pan-Is-*

*lamic Trade Corporation v. Exxon Corporation,* 632 F.2d 539, 546 (5th Cir.1980); *Deloach.*

A reading of the complaint in the case at bar establishes that both the plaintiff, Gulf Boat Marine Services, Inc., and the defendant, George Engine Company, Inc., are citizens of Louisiana. Thus, there is not complete diversity of citizenship, and accordingly, there can be no diversity jurisdiction. Accordingly,

IT IS ORDERED that:

(1) The hearing set for Wednesday, September 17, 1986 at 10:00 a.m. is CANCELLED.

(2) Defendant's motion to dismiss is GRANTED.