**STREIFF JEWELRY CO., INC., a Florida corporation, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC., an Ohio corporation, Defendant.**

**No. 86–251–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

Sept. 9, 1987.

As Amended Sept. 30, 1987.

Sheila Wolfson, Greenberg, Travrig, Askew, Hoffman, Lipoff, Rosen & Quentel, Miami, Fla., for plaintiff.

Lloyd R. Schwed, Fowler White, Burnett, Hurley, Banick & Strickroot, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

SPELLMAN, District Judge.

This CAUSE comes before the Court on Cross-Motions for Summary Judgment. Plaintiff's Complaint asserted four causes of action, in both contract and tort, against Defendant: Count I—Breach of Contract, Count II—Negligence, Count III—Gross Negligence and Count IV—Breach of Fiduciary Duty. Defendant moved for Summary Judgment on Count I; Plaintiff opposed Defendant's Motion and filed its own Motion for Summary Judgment on the remaining tort claims. Because this Court is of the opinion that the contract at issue has been breached but otherwise has not been ratified, and also because the Court is of the opinion that Plaintiff, on the facts of this case, cannot maintain any action in tort, it DENIES both Motions for Summary Judgment and invites the Defendant to file a Motion for Summary Judgment on Counts II, III and IV of Plaintiff's Complaint, and invites Plaintiff to file a Motion for Summary Judgment on Count I of its Complaint, whereupon the Court will enter Final Summary Judgment on Count I in Plaintiff's favor in accordance with this opinion.

## FACTS

This is an action for breach of contract. Plaintiff is a jewelry company and entered into a shipping contract with Defendant to have certain jewelry shipped to its consignee in Albuquerque, New Mexico. Plaintiff has been doing business with Defendant for about 10 years, although rarely ships merchandise on a "cash-only" basis, as was the case here under the express terms of the shipping contract at issue. Upon delivery of the goods in New Mexico, Defendant accepted what appeared to be a valid cashier's check from the consignee in lieu of the cash only requirement under the contract. UPS delivered the check to Mr. Block, Plaintiff's president. Mr. Block accepted the check, which upon subsequent deposit turned out to be counterfeit. This suit followed.

## BREACH OF CONTRACT

Defendant's Motion argues that Streiff's, consignor, unconditional acceptance from the carrier UPS, of payment not in conformity with the shipping contract constitutes a ratification of the latter's act and waives any future claims against the carrier for breach of contract upon subsequent dishonor of the check. Defendant's Motion at 3. Defendants assert that Mr. Block's conduct in accepting the cashier's check and attempting its deposit constitutes such a ratification.

This Court disagrees. "Before one may infer that a principal ratified the unauthorized act of his agent, the evidence must demonstrate that the principal was fully informed and that he approved of the act." *United Parcel Service v. Buchwald Jewelers*, 476 So.2d 772, 773 (Fla.Dist.Ct.App. 1985). Such is not the case here. Mr. Block's deposition testimony negates any inference of an intention to ratify the conduct of UPS by showing that he was not fully informed of the consequences of his act of attempting to deposit the cashier's check, and therefore did not knowingly ratify or otherwise approve of UPS's conduct.

*See* Block deposition at 8–9, 11–12, 15–17, 25, 28. This testimony establishes that Mr. Block was not fully familiar with the type of C.O.D. shipment at issue in this case and, specifically, that by depositing the counterfeit check he would lose any future contractual rights against UPS.

The Court is further of the opinion that the contract was breached. The shipping contract required UPS to collect "cash only," which they did not do. Despite UPS's arguments to the contrary, this Court is simply of the opinion that a cashier's check is not the equivalent of "cash only," and that the tendering by UPS to the consignor of a counterfeit cashier's check in lieu of cash only, as required by the express terms of the shipping contract, gives rise to a cause of action for breach of contract by the consignor against the shipper. *Buchwald Jewelers*, 476 So.2d 772. Accordingly, Plaintiff is invited to file a Motion for Summary Judgment on Count I.

### TORT CLAIMS: Negligence, Gross Negligence and Breach of Fiduciary Duty

Two recently decided cases have persuaded this Court that Plaintiff cannot maintain a cause of action in tort on the facts of this case. The first case is *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), which is significantly relied upon by the Florida Supreme Court in *Florida Power and Light Co. v. Westinghouse Elec. Corp.*, 510 So.2d 899 (Fla.1987). Broadly speaking, both cases stand for the proposition that contract principles are more appropriate than tort principles for resolving economic loss without an accompanying physical injury or property damage. *Westinghouse Elec. Corp.*, 510 So.2d at 901.

In *East River S.S. Corp.*, a shipbuilder contracted with Transamerica Delaval to design, manufacture and install turbines for supertankers. The case was brought in admiralty, and the Court held that the products liability action could not be maintained when the injury alleged was only to the product itself, resulting in purely economic loss. *East River S.S. Corp.*, 106 S.Ct. at 2302. The decision rested in large part on the distinction drawn between tort recovery for physical injuries and warranty recovery for economic loss. *Id.* at 2302–4. Simailarly, *Westinghouse* was a product defect case, which was before the court by way of certified question from the Eleventh Circuit Court of Appeals, and wherein the court recognized the distinction drawn in *East River* between tort claims and contract claims, holding the latter more appropriate to resolve purely economic claims.

Although both cases address claims brought upon defective products, this Court finds them persuasive as to this case, a classic claim for breach of contract, and sees no reason why the rule announced in those cases ought not apply here where the risk of personal injury or property damage is nil. In this regard, the Court agrees that

> Where … the injury that occurs is within the scope of the contract itself, the policy of maintaining the distinction between tort and contract actions applies with much greater force. The injury for which the [Plaintiffs] seek redress … is purely economic and is compensable in an action on the contract itself.

*Iron Mtn. Security Storage Corp. v. American Specialty Foods, Inc.*, 457 F.Supp. 1158, 1166 (E.D.Pa.1978).

In so holding, this Court is not saying that the breach of a contractual duty can never give rise to a cause of action in tort, but only that where, as here, parties enter into a shipping contract to ship goods, and the express terms of that contract are breached, resulting in purely economic loss to the consignor, that the subsequent action on the contract should be that—an action on the contract, not in tort, especially where no other harm, traditionally the subject of a tort action, is alleged.[1]

1. Implicit in this statement is a finding by the Court that Plaintiff's claim in Count IV—Breach of Fiduciary Duty—is without merit, and accordingly will not support a ground for recovery by Plaintiff. There undoubtedly exists a contractual relationship between the parties. But the Court is simply of the opinion that the same does not rise to the level of being a fiduciary one, such as that which exist between a depositor and the bank, *Hooper v. Barnett Bank*

The Court understands Plaintiff's position, quite obviously agreed to by Justice Adkins in his dissent in *Westinghouse*, that frequently a breach of contract will give rise to an action in tort. But the Court reads *Westinghouse* and *East River S.S. Corp.* as allowing it to look behind the allegations of the Complaint at the true facts of the case and the potential recovery by the Plaintiff, along with the proper basis for that recovery given the historical foundations for various causes of action. Plaintiff is entitled to one and only one recovery against UPS in the amount of $9,750. That recovery is best had in contract where no other injury is alleged beyond that suffered by the breach of contract. Here, the economic loss is solely the result of the breach of the contract by Defendant; not the result of any other independent wrong. Accordingly, Defendant is invited to file a Motion for Summary Judgment on the tort claims asserted in Plaintiff's Complaint, Counts II, III and IV.

of *West Florida,* 474 So.2d 1253 (Fla.Dist.Ct.App. 1985), or a trustee and the beneficiaries of the trust. *In Re Will of Wickman,* 289 So.2d 788 (Fla.Dist.Ct.App.1974).