Stephen Brown, Philadelphia, Pa., Victor Kline and A. Rodger Traynor, Jr., Miami, Fla., for defendant.

**STREIFF JEWELRY COMPANY, INC., a Florida corporation, Plaintiff,**

v.

**UNITED PARCEL SERVICE, an Ohio corporation, Defendant.**

**No. 86–251–CIV–EPS.**

United States District Court, S.D. Florida.

Aug. 16, 1988.

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR RELIEF FROM ORDER OF DISMISSAL AND DENYING PLAINTIFF'S MOTION FOR ORDER INDICATING POSSIBLE DISPOSITION

SPELLMAN, District Judge.

THIS CAUSE comes before the Court on Plaintiff's Motion for Relief from Order of Dismissal filed with this Court on June 28, 1988 and upon Plaintiff's Motion for Order Indicating Possible Disposition of Plaintiff's Renewed Motion for Relief from Order of Dismissal also filed with this Court on June 28, 1988. This Court, on March 1, 1988, entered an order dismissing this cause with prejudice based on the parties' settlement. The thrust of Plaintiff's argument in the above-referenced motions is that this Court's order has rendered the settlement ineffective because a condition

1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551,   51 L.Ed.2d 775 (1977).

of the parties' settlement agreement was that there would be no public disclosure of the settlement. Consequently, Plaintiff contends that it is left without a decision on the merits, without a settlement, and without an opportunity to refile the case. This Court strenuously disagrees.

■ "A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Florida Bd. of Regents,* 807 F.2d 901, 905 (11th Cir.1987). Where a settlement agreement includes a provision that is against public policy, the agreement would be enforceable, although the violative provision would not. *See Title & Trust Co. of Florida v. Parker,* 468 So.2d 520 (Fla. 1st DCA 1985) (court will not enforce illegal clause of contract). This Court is aware that it should be cautious in declaring a contract provision void on the ground of public policy, *France v. Liberty Mutual Ins.,* 380 So.2d 1155 (Fla. 3rd DCA 1980), however, the circumstances of this case clearly warrant that determination. The parties in this case have persistently endeavored to have this Court issue orders conveying to the public that this Court had consciously changed its opinion as to what the applicable law in this case was. Such conduct was clearly against and in violation of public policy.

Federal Rule of Civil Procedure 60(b) provides in part as follows:

Rule 60. Relief from Judgment or Order

.     .     .     .     .

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

... or (6) any other reason justifying relief from the operation of the judgment....

In this Court's opinion none of those criterion apply in this case.

This Court issued a memorandum opinion on September 9, 1987, *Streiff Jewelry Co. v. United Parcel Service,* 670 F.Supp. 341 (S.D.Fla.1987), which stated in pertinent part that "a cashier's check is not the equivalent of 'cash only' as required by the express terms of the shipping contract." *Id.* at 343. This opinion denied Defendant's motion for summary judgment and invited Plaintiff to file a motion for Summary Judgment on Count I (Breach of Contract) of the Complaint.

Defendant was obviously unhappy with the Court's opinion because of its apparent effects on future UPS transactions. Plaintiff thereafter filed its motion for summary judgment and Defendant filed its opposition as well as its motion for reconsideration or alternatively its motion for final summary judgment. Thereafter, on January 11, 1988 the parties submitted a letter informing the Court of an agreement reached by the parties with a proposed memorandum order. [Appendix 1] The letter read in part as follows:

This letter is submitted on behalf of plaintiff's and defendant's counsel to inform the Court of an agreement reached in this case. The agreement arises out of a possible accomodation of the differing perspectives of the plaintiff and defendant in this case. The plaintiff's prime interest is in compensation for the losses set forth in the complaint. The defendant, on the other hand, considers the issues raised by the complaint and addressed by the Court's opinion dated September 9, 1987, denying defendants' motion for summary judgment, to be of critical importance and, therefore, *must be resolved consistent with existing law.* This concern motivated UPS to file its motion for reconsideration. (emphasis added).

That order granted Defendant's motion for reconsideration and vacated this Court's September 9, 1987 memorandum opinion

and denied Plaintiff's motion for summary judgment on Count I of the Complaint and granted Defendant's motions for summary judgment on all counts of Plaintiff's complaint. Significantly, that proposed order stated:

> The central issue in these motions is whether the term "cash" is defined in the parties' C.O.D. contract as currency and the commercial equivalent of currency, including certified checks. There is no genuine issue of fact concerning this issue. The evidence before the court establishes that the term "cash" means currency and its commercial equivalent, including certified checks.

Needless to say, this Court did not accept the parties' proposed memorandum order and promptly conveyed to the parties that dissatisfaction.

A second order was then submitted. [Appendix 2] That order granted Defendant's motion for reconsideration, vacated this Court's September 9, 1987 memorandum opinion, denied Plaintiff's motion for summary judgment on Count I and denied Defendant's motions for summary judgment on all counts of the Complaint. For a second time, the parties sought to make it appear that this Court acting on its own vacated its prior opinion rather than it being a part of the settlement between the parties. The Court's displeasure was again conveyed.

For a third time the parties submitted a proposed order seeking, albeit more subtly, to make it appear that the Court vacated its prior opinion upon reconsideration of the merits. [Appendix 3] It was this Order that the Court modified to reflect the true facts, i.e. it was the parties, not the Court, that caused the opinion to be vacated. This Court entered that order dismissing the cause and vacating its memorandum opinion *based on the parties' settlement.* [Appendix 4] If this Court did not indicate that dismissal was based on settlement, it would appear to the public that the September 9, 1987 memorandum opinion was vacated after reconsideration on the merits.

This case amounts to an effort on the part of the Defendant to extort a concession of the Plaintiff to seek a result for ulterior motives over which neither party had a right of control. Such conduct was outrageous. Any agreement contemplated by the parties to the effect that this Court would not disclose settlement under the circumstances was clearly against public policy. In this Court's opinion that portion of the settlement agreement would be unenforceable, leaving the remainder of the agreement enforceable.

This is a case in which relief pursuant to Federal Rule of Civil Procedure 60(b) is clearly not warranted.

Upon review of the pleadings and record in the above-styled case, it is hereby

ORDERED AND ADJUDGED that Plaintiff's motions are DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of this Court transmit a certified copy of this Order to the Eleventh Circuit Court of Appeals together with attachments with a request that the same be made a part of the record on appeal and copies be furnished to each member of the panel to whom this case is assigned.

## APPENDIX 1

### MEMORANDUM ORDER

This CAUSE comes before the Court on Cross-Motions for Summary Judgment, and defendant United Parcel Service, Inc.'s ("UPS") Motion for Reconsideration of this Court's September 9, 1987 Memorandum Opinion and Order. The central issue in these motions is whether the term "cash" is defined in the parties' C.O.D. contract as currency and the commercial equivalent of currency, including certified checks. There is no genuine issue of fact concerning this issue. The evidence before the court establishes that the term "cash" means currency and its commercial equivalent, including certified checks.

Accordingly, on this ___ day of _____, 1988, IT IS HEREBY ORDERED THAT:

    (1) UPS' Motion for Reconsideration is GRANTED, and this Court's Septem-

# 1406

ber 9, 1987 Memorandum Opinion and Order denying the parties motions for summary judgment is VACATED and WITHDRAWN.

(2) The plaintiff's motion for summary judgment on count one of its Complaint is DENIED.

(3) UPS' motions for summary judgment on all counts of plaintiff's Complaint are GRANTED and the plaintiff's Complaint is hereby DISMISSED.

## APPENDIX 2

### MEMORANDUM ORDER

This cause comes before the Court on Cross–Motions for Summary Judgment, and defendant United Parcel Service, Inc.'s ("UPS") Motion for Reconsideration of this Court's September 9, 1987 Memorandum Opinion and Order.

Accordingly, on this ___ day of _____, 1988, IT IS HEREBY ORDERED THAT:

1. UPS' Motion for Reconsideration is GRANTED, and this Court's September 9, 1987 Memorandum Opinion and Order denying the parties motions for summary judgment is VACATED and WITHDRAWN.

2. The plaintiff's motion for summary judgment on count one of its Complaint is DENIED.

3. UPS' motions for summary judgment on all counts of plaintiff's Complaint are DENIED.

## APPENDIX 3

### ORDER WITHDRAWING AND VACATING PRIOR OPINION AND DISMISSING CAUSE

Upon consideration, it is hereby,

ORDERED AND ADJUDGED that this Court's prior Memorandum Opinion and Order Denying Motion for Summary Judgment entered in the above-named case on September 9, 1987 is withdrawn and vacated.

It is further

ORDERED AND ADJUDGED that this cause is dismissed with prejudice, each party to stand responsible for its own costs and attorneys' fees.

## APPENDIX 4

### ORDER WITHDRAWING AND VACATING PRIOR OPINION AND DISMISSING CAUSE

Upon consideration of the settlement by the parties it is hereby,

ORDERED AND ADJUDGED that this Court's prior Memorandum Opinion and Order Denying Motion for Summary Judgment entered in the above-named case on September 9, 1987 is withdrawn and vacated.

It is further

ORDERED AND ADJUDGED that this cause is dismissed with prejudice, each party to stand responsible for its own costs and attorneys' fees.

DONE AND ORDERED in Chambers, at Miami, Florida, this 1 day of Mar., 1988.