PER CURIAM.
We reverse the summary final judgment entered in favor of World Time Corporation and remand with instructions to enter summary final judgment in favor of United Parcel Service.
The reversal is determined on three factors. First, United Parcel Service had no duty to collect cash or cashier’s checks from the consignee. The alleged instructions given to United Parcel by World Time were not made in writing as required by the tariff governing United Parcel’s treatment of C.O.D. packages. See Comark Inc. v. United Parcel Service, 701 F.Supp. 641 (N.D.Ill.1988); United Video Buyers Association v. North Penn Transfer, Inc., 211 N.J.Super. 584, 512 A.2d 521 (1986) aff’d 107 N.J. 410, 526 A.2d 1085 (1987); Silver Creations, Ltd. v. United Parcel Service, Inc., 133 N.J.Super. 543, 337 A.2d 641 (1975).
Second, the certified checks which United Parcel collected were the functional equivalent of cash or cashier’s checks. See *1224 Bank of Bay Biscayne v. Ball, 99 Fla. 745, 128 So. 491 (1930); 5 Fla.Jur. 2d Banks §§ 217 et seq.; Fla.Stat. §§ 673.410; 673.-411; 673.413; 674.303 (1987); 6 R. Anderson, U.C.C. §§ 3-411.12 et seq. (1984); J. White and R. Summers, U.C.C. § 18 (1988).
The final point regards ratification by World Time corporation of United Parcel’s acceptance of the certified checks. World Time unconditionally accepted and deposited the checks with no notice to United Parcel that its acceptance was qualified by an attempt to mitigate damages or otherwise reserve rights to hold United Parcel liable if the nonconforming checks proved to be worthless. World Time knew the terms of its C.O.D. instructions and was presumed to know the terms of the tariff but nevertheless deposited the checks, unconditionally. Such actions establish an unequivocal and binding ratification of United Parcel’s acceptance of the checks. Karat Gold Imports, Inc. v. United Parcel Service, Inc., No. 55827, 1989 WL 98764 (Ohio Ct.App. filed August 24, 1989); Comark Inc. v. United Parcel Service, 701 F.Supp. 641 (N.D.Ill.1988); Compuknit Industries, Inc. v. Mercury Motors, 72 Misc.2d 55, 337 N.Y.S.2d 918, 921-22 (N.Y. Civ.Ct.1972); Silver Creations, Ltd. v. United Parcel Service, Inc. 133 N.J.Super. 543, 337 A.2d 641 (1975); compare, United Parcel Service, Inc. v. Buchwald Jewelers, 476 So.2d 772 (Fla. 3rd DCA 1985); contra, Streiff Jewelry Co. v. United Parcel Service, Inc., 670 F.Supp. 341, vacated 679 F.Supp. 7 (S.D.Fla.1988).
REVERSED AND REMANDED WITH INSTRUCTIONS.
DELL and WALDEN, JJ., concur.
POLEN, J., concurs specially with opinion.