1. Defendant shall not commit a Federal, State, Territorial, or local crime during the period of release;

2. Defendant shall report to the United States Marshal's Office and to the United States Office of Probation and Parole in St. Thomas on every Tuesday at 8:30 A.M., or at such other time as is convenient and agreeable to the Marshal's Office, the Office of Probation and Parole and the defendant; and

3. Defendant shall avoid all contact with Angeli Turbe, any other prospective witness who may testify concerning the offense and any juror in his case.

I am retaining jurisdiction of this case for all purposes.

**David A. SHERMAN, et al.**

v.

**JOHNSON & TOWERS BALTIMORE, INC., and Ocean Yachts, Inc., et al.**

**No. WN–89–3436.**

United States District Court, D. Maryland.

Sept. 10, 1990.

Joanne Zawitoski, and Semmes, Bowen & Semmes, Baltimore, Md., for plaintiffs.

Michel Ociacovski Weisz, Miami, Fla., and John R. Tjaden, Baltimore, Md., for defendant Ocean Yachts, Inc.

Brian L. Wallace, and Piper & Marbury, Baltimore, Md., for defendants Detroit Diesel Corp. and General Motors Corp.

C. Carey Deeley, and Venable, Baetjer and Howard, Baltimore, Md., for defendant Johnson & Towers.

## MEMORANDUM

NICKERSON, District Judge.

Pending before this Court is Defendant Ocean Yachts' Motion to Dismiss Counts VII, VIII, IX, X, and XII (Paper # 21) of the Amended Complaint. Defendant filed its motion on August 9, 1990. The motion is opposed. This Court finds that a hearing is not necessary. Local Rule 105.6. Upon a review of the pleadings, memoranda, exhibits, and applicable law, this Court finds that Defendant's motion should be denied.

## BACKGROUND

This case, within the admiralty jurisdiction of this Court, involves the burning and sinking of Plaintiffs David and Theresa Sherman's (the "Shermans") yacht offshore of Ocean City, Maryland. The Shermans purchased the yacht for personal use on September 22, 1987, from Atlantic Leasing Ltd., an authorized dealer of Defendant Ocean Yachts, Inc. During the following year the Shermans added and/or installed various property items on the yacht for use on it.

On September 13, 1988, while operating the yacht, Mr. Sherman noticed a loss of power from the starboard engine and proceeded to open the engine room door. Smoke and flames billowed out of the engine room. Mr. Sherman attempted to activate the fire extinguishing equipment which was not successful. Upon realizing that the boat was going to sink he abandoned the boat and was rescued. The boat and all property aboard was a total loss. The Shermans were paid by their insurance company to the extent of their policy.

The Shermans brought this action for damages in contract and tort against various Defendants, one of whom is the seller, Ocean Yachts. Defendant Ocean Yachts now moves this Court to dismiss Counts VII (breach of warranty), VIII (negligence), IX (strict liability), X (punitive damages), and XII (negligent failure to warn) for failure to state a claim upon which relief can be granted.

## DISCUSSION

### A. *Dismissal Standards*

A motion made pursuant to Fed.R.Civ.P. 12(b)(6) allows a claim to be dismissed for failure to state a claim upon which relief can be granted. A motion under this rule tests the legal sufficiency of the complaint. *Chertkof v. Mayor & City of Baltimore,* 497 F.Supp. 1252, 1258 (D.Md.1980). The standard for a motion to dismiss is clear: a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McLain v. Real Estate Bd. of New Orleans,* 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980), quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Additionally, the Court must consider as true all of the properly pleaded allegations contained in the complaint. *Augenstein v. McCormick & Co.,* 581 F.Supp. 452, 456 (D.C.Md.1984); See also *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969).

### B. *Count VII—Breach of Warranty*

■ Ocean Yachts contends that Count VII should be dismissed for failure to state a claim because it combines two types of implied warranty actions—fitness for particular purpose and merchantability—within the same count where there are two separate transactions. Ocean Yachts points to Fed.R.Civ.P. 10(b) for support: "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." The Shermans, on the other hand, point to Fed.R.Civ.P. 8(e)(2) to support their contention that they may plead both types of warranty in one count.

This Court finds that Count VII should not be dismissed. First, Fed.R.Civ.P.

8(e)(2) gives explicit authority to plead two types of claims in the same count.

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements ...

Second, Ocean Yachts' reliance on Fed.R. Civ.P. 10(b) is misplaced because both allegations of breach of warranty arose out of the same transaction or occurrence—the purchase of the boat by the Shermans.

Because Plaintiffs have stated a claim upon which relief can be granted as to Count VII, Defendant's motion will be denied.

### C. Counts VIII—Negligence; IX—Strict Liability; X—Punitive Damages; and XII—Negligent Failure to Warn

■ This case involves the overlap between contract law and tort law. The grounds for dismissal of these specific counts concern the interpretation and application of the United States Supreme Court's holding in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986).

Defendant Ocean Yachts argues that Plaintiffs' tort claims against it should be dismissed for failure to state a claim upon which relief can be granted for two reasons: (1) the tort counts are precluded because the *East River* holding applies to parties whether they are in a consumer relationship or a commercial relationship and (2) the tort counts are precluded because the *East River* holding only allows recovery for damage to property other than the product itself which, in the present case, is only the yacht. Plaintiffs Shermans argue that (1) the *East River* holding expressly applies only to parties in a commercial relationship and that the Shermans and Ocean Yacht were in a consumer relationship, and (2) the damage

caused by the fire destroyed property in addition to the yacht itself (Paper # 21 Exhibit B).

The issue determined in *East River* was "whether a commercial product injuring itself is the kind of harm against which public policy requires manufacturers to protect, independent of any contractual obligation." *East River*, 476 U.S. at 866, 106 S.Ct. at 2300. The holding was that "a manufacturer in a *commercial relationship* has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." *Id.* at 871, 106 S.Ct. at 2302 (emphasis added). The parties agree that all the damages are economic in nature, but they disagree on both the relationship between the parties and the specific property damaged. There has been no dispute as to whether Ocean Yachts is a manufacturer within the meaning of *East River*.

The *East River* Court did not eliminate all tort causes of action when the only damages sought are economic. The Court expressly reserved judgment on that issue. *Id.* at 871, n. 6, 106 S.Ct. at 2302, n. 6. "Therefore, a maritime tort claim alleging purely economic loss should not be dismissed for want of subject matter jurisdiction where the requirements for admiralty jurisdiction are otherwise met if the facts of the case support a theory of recovery not clearly barred by *East River* or by other controlling authority." *Employers Ins. of Wausau v. Suwannee River Spa Lines*, 866 F.2d 752, 760 (5th Cir.1989).

The remaining issue for this Court is whether the Shermans and Ocean Yachts, Inc. are in a commercial relationship within the meaning of *East River*. *East River* did not define "commercial relationship" but set out some characteristics of such a relationship. For example, while discussing tort safety and product injury, the Court stated: "when a product injures itself, the *commercial user* stands to lose the value of the product, risks the displeasure of its *customers* who find that the product does not meet their needs, or as in this case, experiences increased costs *in performing a service*. Losses like these

can be insured." *East River*, 476 U.S. at 871–872, 106 S.Ct. at 2302 (emphasis added). The Court went on to state that:

Contract law, and the law of warranty in particular, is well suited to *commercial controversies of the sort involved in this case* because the parties may set the terms of their own agreements. The manufacturer can restrict its liability, within limits, by disclaiming warranties or limiting remedies ... In exchange, the purchaser pays less for the product. Since a *commercial situation* does not involve large disparities in bargaining power ... we see no need to intrude into the parties' allocation of the risk.

*Id.* at 872–873, 106 S.Ct. at 2303 (emphasis added). The "commercial controversy" in *East River* was a contract between two large corporations for the building of four cargo ships. The Court in *East River* expressly limited its holding to commercial situations and, in this Court's view, the characteristics of those situations as stated by the Court demonstrate a difference between consumer (non-commercial) and commercial transactions.

There are further reasons for a distinction to be drawn between a commercial and consumer relationship in this context. First, other courts and commentators have drawn this same distinction following the decision in *East River*. *Employers Ins. of Wausau v. Suwannee River Spa Lines*, 866 F.2d 752, 764 (5th Cir.1989); *Richard O'Brien Companies v. Challenge Cook Bros.*, 672 F.Supp. 466, 472 (D.Colo.1987). *Consumers Power Co. v. Mississippi Valley Structural Steel Co.*, 636 F.Supp. 1100, 1112 (D.Mich.1986); Owen, *Recovery for*

*Economic Loss Under U.S. Maritime Law: Sixty Years Under Robins Dry Dock*, 18 J.Mar.L. & Com. 157, 177 n. 106 (1987); Force, *Maritime Products Liability in the United States*, 11 Mar.Law. 1, 7, 34 (1986).

Second, Ocean Yachts has not cited, nor has this Court found, any case, within or outside of admiralty jurisdiction, in which the holding of *East River* was applied to preclude a suit for economic damages where the parties were in a consumer/non-commercial relationship. All of the cases reviewed by this Court in which recovery was denied under the *East River* holding were cases having two or more *corporations or other business entities* as the parties within the commercial relationship.[1] It is the corporations and not consumers which the Court had in mind when issuing the ruling in *East River*. In sum, this Court finds that the Shermans and Ocean Yachts were not in a commercial relationship as that term is used and applied in *East River* and other cases decided subsequent to it.

This Court also finds that the economic damage went beyond the product itself and included "other property," specifically, various items of personal property. It is evident from Shermans' affidavit that some of the items are not components of the yacht and do not have to be attached to a boat to be of significant use. Additionally, one court has stated that "[i]n attempting to identify the product, our analysis leads us to ask what is the object of the contract or bargain that governs the rights of the parties?" *Shipco 2295 v. Avondale Shipyards*, 825 F.2d at 928. In the present

---

1. *Laurens Elec. Coop. v. Altec Indus.*, 889 F.2d 1323 (4th Cir.1989); *Employers Ins. of Wausau v. Suwannee River Spa Lines*, 866 F.2d 752 (5th Cir.1989); *Shipco 2295 v. Avondale Shipyards*, 825 F.2d 925 (5th Cir.1987); *Aloe Coal Co. v. Clark Equipment Co.*, 816 F.2d 110 (3rd Cir. 1987); *East Mississippi Elec. Power v. Porcelain Products*, 729 F.Supp. 512 (S.D.Miss.1990); *Public Service Enter. Group v. Philadelphia Elect.*, 722 F.Supp. 184 (D.N.J.1989); *Icelandic Coast Guard v. United Technologies Corp.*, 722 F.Supp. 942 (D.Conn.1989); *Veeder v. NC Machinery Co.*, 720 F.Supp. 847 (W.D.Wash.1989) (individual plaintiff was found to be in a commercial relationship because he had an agent bargaining for

him who was an experienced commercial boat builder); *PPG Indus. v. Sundstrand Corp.*, 681 F.Supp. 287 (W.D.Pa.1988); *Richard O'Brien Cos. v. Challenge Cook Bros.*, 672 F.Supp. 466 (D.Colo.1987); *Strieff Jewelry Co. v. United Parcel Service*, 670 F.Supp. 341 (S.D.Fla.1987); *Zidell, Inc. v. Cargo, Etc. of Barge ZPC 404*, 661 F.Supp. 960 (W.D.Wash.1987); *Gulf Boat Marine Services v. George Engine Repair*, 659 F.Supp. 6 (E.D.La.1986); *McConnell v. Caterpillar Tractor Co.*, 646 F.Supp. 1520 (D.N.J. 1986); *Consumers Power v. Mississippi Valley Structural Steel*, 636 F.Supp. 1100 (E.D.Mich. 1986).

case, the object of the contract was the finished yacht, not the individual component parts. Most of the items on Shermans' affidavit are items added after the fulfillment of the contract and, thus, were not part of the object of the contract.

Because Plaintiffs have stated a claim upon which relief can be granted, Ocean Yachts' motion with respect to Counts VIII, IX, X, and XII will be denied.

CONCLUSION

For the reasons stated above, Defendant Ocean Yachts' Motion to Dismiss Counts VII, VIII, IX, X, and XII is denied in part and granted in part.